# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 JUL 25 AM 10: 00

DEPUTY CLERK _____

KINGSLEY OGBOGU
Plaintiff

v.

JONI NAVIN Department of Labor
Defendant

42 U.S.C § 12117

Civil Action No.

318-CV1912-K

## COMPLAINT

I am being discriminated against based on the severity of my disability and prior EEOC case that is ongoing. The Dept. of Labor has been retaliating against me by providing false and misleading information about job postings since the Agency rep. Brian Hurt and myself (Kingsley Ogbogu) entered into a settlement agreement back in August 2015. The Agency has already admitted on appeal that they have not been complying with the terms of the settlement agreement. According to the agreement I (Kingsley Ogbogu) was to receive priority consideration for any and all job I applied to Dallas Fort-Worth area

\* Attach additional pages as needed.

| | |
|---|---|
| Date | 07/18/2018 |
| Signature | |
| Print Name | Kingsley Ogbogu |
| Address | 948 Middle Cove Dr |
| City, State, Zip | Plano Texas 75023 |
| Telephone | (214) 402-3991 |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Kingsley Ogbogu, a/k/a
Rayford H.,[1]
Complainant,

v.

R. Alexander Acosta,
Secretary,
Department of Labor,
Agency.

Appeal No. 0120161266

Agency Nos. DOL-13-06-101; DOL-13-06-048

DECISION

Complainant filed an appeal with this Commission concerning compliance with the terms of an August 24, 2015, settlement agreement. The Commission accepts the appeal. See 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. § 1614.405.

BACKGROUND

At the time of events giving rise to this complaint, Complainant applied for an Examiner position with the Agency's Office of Workers' Compensation Programs (OWCP) and for an Office Management position with the Employee Benefits Security Administration (EBSA). Both positions were located in Dallas, Texas. Complainant, however, was not selected for either position. Believing that the Agency subjected him to unlawful discrimination, Complainant contacted an Agency EEO Counselor to initiate the EEO complaint process. The Agency thereafter initiated two separate investigations for Agency Complaint Nos. DOL-13-06-101 and DOL-13-06-048, respectively. Following the Agency's investigations, Complainant requested a hearing before an EEOC Administrative Judge (AJ). Complainant's complaints were thereafter consolidated for a hearing.

In August 2015, before the hearing was scheduled to take place, the parties executed a settlement agreement. The settlement agreement provided, in pertinent part, that:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

> Beginning on the date this Agreement is executed by all parties, and for a period of one year thereafter, the Department will grant priority consideration to [Complainant] for any job in the Dallas/Fort Worth area within the Department of Labor for which he is a qualified applicant and for which [Complainant] applies. Priority consideration, as the term is used in this paragraph, shall mean referral of [Complainant's] resume and application package to the selecting official prior to issuance of the certificate of eligibles. Priority consideration will apply only to those jobs for which [Complainant]: (1) is qualified and (2) for which [Complainant] fulfills all the requirements required by the application process. Further to receive priority consideration for any job, [Complainant] must comply with the terms of and submit the letter attached hereto as Exhibit A along with his application. The terms of Exhibit A are hereby incorporated, in their entirety, to this Agreement.

The settlement agreement further noted that Complainant had up to 21 days in which to consider the agreement and that he had seven days after signing the agreement to revoke his consent. Complainant signed the agreement on August 10, 2015, and the Agency signed the agreement on August 24, 2015. After receiving the signed agreement from the parties, the AJ issued an order dated December 17, 2015, dismissing Complainant's claims pursuant to the settlement agreement. On March 10, 2016, Complainant thereafter filed the instant appeal, contesting the validity of the agreement, and also alternatively contending that the Agency breached the terms of the agreement.

## CONTENTIONS ON APPEAL

On appeal, Complainant specifically asserts that upon further review of the agreement, within the seven-day period as prescribed, he told his attorney that he wished to revoke his signed consent to the agreement. Complainant asserts, however, that his attorney, against his wishes, did not communicate this information to either the AJ or the Agency. Complainant therefore claims that he was misinformed by his attorney and should not be forced to bear the consequences of his attorney's bad representation. Complainant further contends that within five months of signing the agreement, he applied for seven positions. Complainant asserts that he followed the terms of the agreement in applying for each position, but received no interviews.

In response, the Agency maintains that the settlement agreement is valid and enforceable. The Agency specifically maintains that Complainant's dissatisfaction and mere assertion of ineffective counsel are not adequate reasons to invalidate the settlement agreement to which he knowingly and voluntarily consented. The Agency secondly asserts that Complainant's appeal is premature because Complainant failed to notify the Agency's EEO Director of his breach of settlement claim before filing this instant appeal. The Agency therefore requests the dismissal of Complainant's appeal, so that it may have an opportunity to investigate and issue a decision on Complainant's breach claim.

ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. § 1614.504(a) provides where a complainant believes that an agency has failed to comply with the terms of a settlement agreement, the complainant shall notify the agency EEO Director, in writing, of the alleged breach within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. Further, 29 C.F.R. §1614.504(b) provides that the agency shall resolve the matter and respond to the complainant in writing; and, if the agency fails to respond or if complainant is not satisfied with its response, complainant may file an appeal with this Commission 35 days after the date he/she served the agency with breach allegations.

In response to Complainant's appeal, the Agency argues that Complainant's appeal is premature and should be dismissed because it was not given the opportunity to issue a determination decision on Complainant's breach claim. However, we disagree. We note that EEOC Regulation 29 C.F.R. § 1614.504(b) provides, in relevant part, that "complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination." In the instant case, we find that the Agency had notice of the instant appeal and ample opportunity to issue a final determination decision on this matter while this case has been pending before the Commission. Therefore, we find that this matter is now properly before the Commission.

With respect to Complainant's claim of ineffective assistance of counsel, the Commission notes that when a complainant has voluntarily entrusted representation to an attorney, he may not avoid the consequences of his choice by arguing that the attorney did not perform the attorney's duties in a competent manner. See Nugent v. U.S. Postal Serv., EEOC Appeal No. 0120113526 (July 12, 2013).

With regard to Complainant's breach allegation, the Commission has held that priority consideration generally requires the agency to consider the employee for a position before referring any other candidate to the selecting official for consideration. See Charles D. Phillips v. Dep't of Defense, EEOC Appeal No. 01A40620 (Oct. 22, 2004).

We note that Complainant asserts on appeal that he applied for seven positions within five months of the agreement, but did not receive priority consideration as the agreement specified. Based on the present record, the Commission is unable to determine whether the Agency complied with the settlement agreement. Specifically, as the Agency admits on appeal, the record does not contain a copy of any management official's affidavit and/or other evidence supporting the determination of compliance.

As such, in accordance with the Agency's request, we shall remand this matter to the Agency for a supplemental investigation for evidence showing whether it complied with the settlement

agreement. The Agency shall thereafter issue a final decision determining regarding whether it has complied with the settlement agreement, in accordance with the order below.

## ORDER

Within one hundred and twenty (120) days from the date this decision becomes final, the Agency is ORDERED to take the following action:

1. The Agency shall supplement the record with affidavits from management officials and documentary evidence indicating whether it has complied with the settlement agreement.

2. The Agency shall thereafter issue a final decision determining regarding whether it has complied with the settlement agreement.

A copy of the Agency's supplemental investigation and final decision shall be provided to the Compliance Officer as referenced herein.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0617)

Compliance with the Commission's corrective action is mandatory. The Agency shall submit its compliance report **within thirty (30) calendar days** of the completion of all ordered corrective action. The report shall be in the digital format required by the Commission, and submitted via the Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The Agency's report must contain supporting documentation, and the Agency must send a copy of all submissions to the Complainant. If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office,

6                                                                                          0120161266

facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

__APR 2 0 2018__
Date

7                                                                   0120161266

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Kingsley Ogbogu
948 Middle Cove Dr.
Plano, TX 75023


Naomi Barry-Perez, Director
Civil Rights Center
Department of Labor
200 Constitution Ave., NW #N4123
Washington, DC 20210


__APR 2 0 2018__
Date

_(signature)_
Compliance and Control Division

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

RECEIVED
JUL 25 2018
Clerk, U.S. District Court
NORTHERN DISTRICT OF TEXAS

### I. (a) PLAINTIFFS
Kingsley Ogbogu

**(b)** County of Residence of First Listed Plaintiff  Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
TBD

### DEFENDANTS
Department of Labor

County of Residence of First Listed Defendant  Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joni Navin

**318-CV1912-K**

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | | | | | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12117
Brief description of cause:
Violation of civil rights in regards to employment ADA

### VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____


